UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHERAH'S BRIDAL SHOP, LLC, ET AL.**                    **CIVIL ACTION NO.**

**VERSUS**

**22-813-BAJ-EWD**

**ATAIN SPECIALTY INSURANCE CO., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 18, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

A. Pardue  Certified Mail Return Receipt Requested No. 7020 0640 0001 4750 7177
Sherah's Bridal Shop, LLC Certified mail Return Receipt Requested No. 7020 0640 0001 4750 7184
Hwy 16 Properties, LLC Certified Mail Return Receipt Requested No. 7020 0640 0001 4750 7191

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**SHERAH'S BRIDAL SHOP, LLC, ET AL.**     CIVIL ACTION NO.

**VERSUS**

**ATAIN SPECIALTY INSURANCE CO., ET AL.**     22-813-BAJ-EWD

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Plaintiffs Sherah's Bridal Shop, LLC and Hwy 16 Properties, LLC, who are unrepresented at this time, have failed to comply with the Court's order to enroll counsel of record in this matter. As limited liability companies, Plaintiffs must be represented by counsel to proceed in this case. Therefore, it is recommended that this action be dismissed without prejudice on the Court's own motion under Fed. R. Civ. P. 41(b).[1]

## I. BACKGROUND

On or about August 28, 2022, Plaintiffs filed this suit against Liberty Mutual Insurance Company ("Liberty Mutual"), Atain Specialty Insurance Company ("Atain"), Henry Insurance Service, Inc. ("Henry"), and Burns & Wilcox of Louisiana, Inc. ("Burns & Wilcox") (collectively, "Defendants") in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana.[2] Specifically, Plaintiffs allege that they own property, located at 31899 Hwy 16, Ste. E, Denham Springs, Louisiana 70726 (the "Property"), that was damaged by Hurricane Ida. The Property was insured by Liberty Mutual and Atain, by policies of insurance placed by Henry and Burns & Wilcox. According to Plaintiffs, the insurers have failed to tender satisfactory proceeds

---

[1] *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss *sua sponte,* with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626 (1962)).

[2] R. Doc. 1-2, pp. 6-8.

for the damages sustained, despite receiving adequate notice and proof of loss.[3] On October 19, 2022, Ohio Security Insurance Company ("Ohio Security"), who contends it was "improperly named in [Plaintiff's] petition as 'Liberty Mutual [],'" removed the case to this Court, asserting diversity subject matter jurisdiction under 28 U.S.C. § 1332.[4]

On November 18, 2022, Plaintiffs filed a Motion to Remand,[5] which was stricken from the record on November 29, 2022 because it was signed by "Hobart O. Pardue," an attorney "who [was] not formally enrolled as counsel of record in this matter."[6] That same day, Plaintiffs' counsel of record, Ashton Devan Pardue ("Mr. Pardue"), was terminated from the case.[7] Mr. Pardue is not permitted to practice in this Court, having been suspended from practice on March 21, 2016, which suspension was ordered to continue "until further order of this Court."[8] There is no indication in the record that Mr. Pardue applied for, or received, readmission to practice before this Court, nor did Hobart Pardue seek to enroll as counsel of record in this case.

On February 27, 2023, because Plaintiffs remained unrepresented, the Court ordered Plaintiffs to retain and enroll counsel of record in this matter by no later than April 28, 2023. The Court advised that "[f]ailure to timely do so may result in dismissal of this suit without further notice" (the "February 27 Order").[9] Additionally, the Court ordered the Clerk of Court to transmit the February 27 Order to Mr. Pardue at the address listed on PACER, by regular and certified mail,

---

[3] *Id*. at ¶¶ 4 – 14.
[4] R. Doc. 1, ¶ 5. After this matter was removed, Plaintiffs and Ohio Security filed a Joint Partial Motion to Dismiss because they had "resolved all disputes [between them] in this matter and [were] respectfully request[ing] that all claims against Ohio Security [], improperly named in the petition as Liberty Mutual [] be dismissed, with prejudice, each party to bear its own costs." R. Doc. 12. The Court granted the motion and dismissed all claims against Ohio Security (improperly named as Liberty Mutual in the Petition) with prejudice. R. Doc. 17.
[5] R. Doc. 9.
[6] R. Doc. 10. Additionally, the Court advised Hobart O. Pardue that before he enrolls in this matter, he "must be in compliance [with] Local Civil Rule 83(b)(5)," which pertains to the payment for triennial fees by all attorneys who are, or desire to be, admitted to practice in the U.S. District Court for the Middle District of Louisiana. *Id*.
[7] R. Doc. 11.
[8] *In re: Attorney Ashton DeVan Pardue*, Case No. 16-mc-21-UNA (M.D. La.), R. Doc. 2.
[9] R. Doc. 18.

return receipt requested, and ordered Mr. Pardue to transmit the February 27 Order to his clients.[10] On March 20, 2023, certified mail notice of the February 27 Order to Mr. Pardue was returned, stamped: "Return to Sender; Unclaimed; Unable to Forward."[11]

As of the date of this Report and Recommendation, neither Mr. Pardue nor any other attorney has enrolled as counsel of record for Plaintiffs in this matter. Similarly, neither Plaintiffs nor Mr. Pardue have provided the Court with an updated address after the February 27 Order was returned as "unclaimed" more than thirty (30) days ago.

**II.    LAW AND ANALYSIS**

Fed. R. Civ. P. 41(b) provides for involuntary dismissal of a suit "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[12]

This case was removed to this Court about seven (7) months ago. Mr. Pardue was terminated as counsel of record almost six (6) months ago. Additionally, over two (2) months ago the Court provided notice to Mr. Pardue that this case was subject to dismissal if Plaintiffs did not timely enroll counsel, and asked Mr. Pardue to provide that information to his clients. The deadline to enroll counsel has come and gone, yet Plaintiffs remain unrepresented. Further, Plaintiffs have not filed anything into the record or contacted the Court to request an extension of the April 28 deadline or to explain any issues they may have encountered in locating counsel. Because Plaintiffs are limited liability companies, they must be represented by counsel to proceed in this case.[13]

---

[10] *Id.*
[11] R. Doc. 19.
[12] *See Boudwin,* 756 F.2d at 401.
[13] Limited liability companies (LLCs) may only prosecute their claims in this Court through a duly licensed and admitted attorney. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (explaining (1) that while 28 U.S.C. § 1654 "authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations," which has been "interpreted as barring corporations from appearing in federal court without an attorney"; and (2) noting that the "appropriate measure for a judge to take when confronted with an unrepresented corporation is

Accordingly, pursuant to Fed. R. Civ. P. 41(b), and considering the notice given that this case could be dismissed if counsel was not enrolled, it is recommended that this suit be dismissed without prejudice due to Plaintiffs' failure to enroll counsel as required by the Court's February 27 Order. It is further recommended that the dismissal be without prejudice, and that the action be reinstated if Plaintiffs show good cause for their prior failure to comply within thirty days of any Order dismissing the case. Any filings must be made by a licensed attorney, who is admitted to practice in this Court and formally enrolled in this case.[14]

## RECOMMENDATION

**IT IS RECOMMENDED** that, pursuant to Fed. R. Civ. P. 41(b), all claims of Plaintiffs Sherah's Bridal Shop, LLC and Hwy 16 Properties, LLC be **DISMISSED WITHOUT PREJUDICE** and this suit be **TERMINATED** due to Plaintiffs' failure to comply with the Court's Order to enroll counsel of record after their prior counsel of record was terminated.

**IT IS FURTHER RECOMMENDED** that that the action be reinstated if within thirty days of any Order dismissing the case, through an attorney who is admitted to practice before this Court and enrolled in the case, Plaintiffs show good cause for their prior failure to comply.

## ORDER

**IT IS ORDERED** that the Clerk of Court shall transmit this Report and Recommendation to Ashton Devan Pardue, via regular and certified mail, return receipt requested at his address listed on PACER: Pardue Law Firm, 23950 Coats, Springfield, LA 70462. **IT IS FURTHER**

---

inherently discretionary" but may include dismissal without prejudice. (citations omitted)). *See also, e.g.*, *American Safety LLC v. Alger*, No. 20-3451, 2021 WL 1341140, at * (E.D. La. Apr. 9, 2021) (explaining that as a "fictitious entity," an LLC can "only be represented by licensed counsel," and, because an LLC is a separate entity, a member that is not a licensed attorney may not represent the LLC in court, even if the LLC is a single member LLC." (cleaned up)); *TenPearls, LLC v. Medulla International, LLC*, No. 22-550, 2023 WL 3292883, at *1 (E.D. Tex. May 5, 2023) ("Because Defendant…is a limited liability company, it cannot proceed pro se in federal court." (citations omitted)). For these reasons, Plaintiffs are incapable of prosecuting their claims in this Court without an attorney.

[14] This Report and Recommendation will also be sent directly to Plaintiffs at the address of the Property as it is not clear that Mr. Pardue provided the Court's February 27 Order to his clients.

**ORDERED** that Mr. Pardue shall transmit this Report and Recommendation to his clients, Plaintiffs Sherah's Bridal Shop, LLC and Hwy 16 Properties, LLC.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Report and Recommendation to Plaintiffs Sherah's Bridal Shop, LLC and Hwy 16 Properties, LLC via regular and certified mail, return receipt requested, at the address of the Property: 31899 Hwy 16, Ste. E, Denham Springs, Louisiana 70726.

Signed in Baton Rouge, Louisiana, on May 18, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**